IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ERIK COOPER, individually, and doing business as ACUITY CONSULTING SERVICES, and doing business as STORYMARK ENTERTAINMENT, | ) ) ) ) ) ) |
| PLAINTIFF, | ) Civil Case No. 3:25-CV-327-KAC-JEM |
| v. | ) ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION and KELLY LOEFFLER, in her official capacity as Administrator of the United States Small Business Administration, | ) ) ) ) ) ) |
| DEFENDANTS. | ) |

**BRIEF IN SUPPORT OF UNITED STATES SMALL BUSINESS ADMINISTRATION AND KELLY LOEFFLER'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

COME NOW Defendants, the United States of America Small Business Administration and Kelly Loeffler, in her official capacity as Administrator of the Small Business Administration ("SBA"), by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby submit the following Memorandum in Support of their Motion to Dismiss.

**STATEMENT OF FACTS**

During the COVID-19 pandemic, Congress authorized a temporary expansion of SBA's pre-existing business-loan authority through the passage of the Coronavirus Aid, Relief, and

Economic Security Act ("CARES Act"). *See* 15 U.S.C. § 636(a)(36). Specifically, SBA "received funding and authority through the CARES Act to modify existing loan programs and establish [the Paycheck Protection Program] to assist small businesses nationwide adversely impacted by the COVID-19 emergency." 86 Fed. Reg. at 51,589. These "PPP Loans" were intended to help businesses keep their workforce employed during the COVID-19 crisis. 85 Fed. Reg. at 20,811.

Although SBA administered the Paycheck Protection Program, it "[did] not directly provide funds for PPP loans." *Rowan Blvd. Assocs., LLC v. Republic First Bank*, No. 21-cv-13301-NLH-AMD, 2021 WL 3566744, at *2 n.2 (D.N.J. Aug. 12, 2021). "Rather, PPP loans [were] issued by private lenders and credit unions, and then they [were] backed (i.e., guaranteed) by SBA." *Id.*; *see also* 86 Fed. Reg. at 51,589. "Either SBA [would] forgive the loan to the borrower if the borrower [met] all the requirements, or SBA [would] direct the borrower to repay the loan. Under either circumstance, SBA reimburse[d] the lender for the loan." *Rowan Blvd. Assocs., LLC*, 2021 WL 3566744, at *2 n.2.

To seek forgiveness of a PPP loan, borrowers were required to either apply directly to SBA or to their lender.[1] If the borrower applied to the lender for forgiveness, the lender had 60 days from receipt of a completed application to determine whether the borrower was entitled to forgiveness and submit that decision to SBA. *See* Paycheck Protection Program—Loan Forgiveness Requirements & Loan Review Procedures, 86 Fed. Reg. 8283-02, 8288 (Feb. 5, 2021). "If the lender determine[d] that the borrower [was] entitled to forgiveness of some or all of the amount applied for . . . , the lender [would] request payment from SBA at the time the lender issue[d] its decision to SBA." *Id*.

---

[1] *See* SBA, *PPP Loan Forgiveness*, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/ppp-loan-forgiveness (last visited December 8, 2025).

Once an application for forgiveness was submitted to SBA, "SBA [would], subject to any SBA review of the borrower's loan(s) or loan application(s), remit the appropriate forgiveness amount to the lender, plus any interest accrued through the date of payment, not later than 90 days after the lender issue[d] its decision to SBA." *Id*.; *see also* 86 Fed. Reg. at 51,590. However, "[i]f SBA determine[d] in the course of its review that the borrower was ineligible for the PPP loan . . . , the loan [would] not be eligible for loan forgiveness." *See* 86 Fed. Reg. at 8288. It was the lender's responsibility to notify the borrower of the forgiveness amount, if any. *Id*.

A. **Administrative Remedies for Final SBA Loan Review Decisions.**

For a PPP loan of any size, SBA was permitted to undertake a review at any time in SBA's discretion. 86 Fed. Reg. at 8294. For example, SBA could review a loan if the loan documentation submitted to SBA by the lender or any other information indicated that the borrower was ineligible for the PPP loan, or may have been ineligible to receive the loan amount or loan forgiveness amount claimed by the borrower. *Id*. Additionally, if a lender issued a decision to SBA determining that the borrower was not entitled to forgiveness in any amount, the borrower could notify the lender within 30 days "that it [was] requesting that SBA review the lender's decision[,]" and "SBA reserve[d] the right to review the lender's decision in its sole discretion." *See* 86 Fed. Reg. at 8294.

If SBA reviewed a PPP loan and issued a "Final SBA Loan Review Decision," SBA regulations provide that the decision may be appealed to SBA's Office of Hearings and Appeals ("OHA"). 13 C.F.R. § 134.1201, *et seq*. A Final SBA Loan Review Decision is appealable if SBA determined that a borrower:

(1) Was ineligible for a PPP loan;

(2) Was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;

3

(3) Is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or

(4) Is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

13 C.F.R. § 134.1201(b).

A borrower cannot appeal a loan decision made by a lender directly; rather, the borrower must first receive a Final SBA Loan Review Decision in which one of the determinations in 13 C.F.R. § 134.1201(b)(1)-(4) was made. *See* 13 C.F.R. § 134.1203. Should a borrower wish to appeal the SBA Loan Review Decision, the "appeal petition must be filed with OHA within 30 calendar days after the appellant's receipt of the Final SBA Loan Review Decision." 13 C.F.R. § 134.1202(a). "An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a Final SBA Loan Review Decision may be sought in a Federal district court." 13 C.F.R. § 134.1201(d).

### B. Plaintiff's PPP Loans and the Final SBA Loan Review Decision.

Plaintiff Erik Cooper submitted two PPP loan applications to SmartBank on behalf of two businesses he was "doing business as." One for Acuity Consulting Services and one for Storymark Entertainment. Both applications were submitted to SmartBank. (Compl. ¶ 11.) Acuity Consulting Services' loan was for $111,900 and Storymark Entertainment's loan was for $125,500. (*Id.* at ¶¶ 15 and 16.) Both loans were approved by SmartBank on or about April 15, 2020. (*Id.* at ¶ 58.)

On March 30, 2021, March 31, 2021 and on April 7, 2021 Plaintiff applied for loan forgiveness through SmartBank for his Acuity Consulting Services loan. (*Id.* at ¶ 86.) Plaintiff's forgiveness application contained Plaintiff Erik Cooper's social security number. (*Id.*) According to Plaintiff, SmartBank initially refused to transmit the forgiveness application to SBA. (*Id.*) Instead, Plaintiff asserts that SmartBank requested that Plaintiff modify his forgiveness application for Acuity Consulting Services to change the Taxpayer Identification Number from Plaintiff Erik

Cooper's social security number to Acuity Consulting Services' Employer Identification Number. (*Id*. at ¶ 87.)[2] SmartBank allegedly represented that this change "would cause the SBA to forgive each PPP Loan." (*Id*.) Plaintiff refused to make this change. (*Id*. at ¶ 88.)

Acuity Consulting Services was denied forgiveness of its PPP loan and SBA issued an initial Final Loan Review Decision Letter on December 14, 2021. (*Id*. at ¶ 93.) Plaintiff appealed this decision and a second denial was issued on December 21, 2022, which was also appealed. (*Id*. at ¶¶ 93, 96 and 98.) However, the third denial issued by SBA on January 21, 2025, was not timely appealed by Plaintiff and, as a result, OHA dismissed Plaintiff's appeal. (*Id*. at ¶ 99.)

Plaintiff filed a petition for reconsideration of OHA's dismissal pertaining to Acuity Consulting Services forgiveness application. (*Id*. at ¶ 100.) On March 4, 2025, the administrative law judge denied the petition finding "[a]n OHA judge must dismiss an untimely appeal." (*Id*.) (citing 13 C.F.R. § 134.1205(a)(2).)

Storymark Entertainment applied for forgiveness of its PPP loan through SmartBank on March 30, 2021, March 31, 2021, April 5, 2021, and again on April 7, 2021. (*Id* at ¶ 127.) However, SmartBank informed SBA that the Storymark Entertainment loan was cancelled. (*Id*. at ¶ 138.) As such, no Final Loan Review Decision for Storymark Entertainment has ever been issued by SBA. (*Id*. at ¶ 140.)

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has

---

[2] It appears that this request was made by SmartBank in an effort to mislead SBA into not realizing that both loans were on behalf of the same individual since Plaintiff's loans were for companies being operated as "dba's."

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'. . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 555, 557) (second alteration in original). Furthermore, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

As a *pro se* litigant, Plaintiff's complaint is to be liberally construed, *see Estelle v. Gamble,* 429 U.S. 97, 106 (1976), but "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)). The court is "not required to either guess the nature of or create a litigant's claim." *See, e.g.*, *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).

## ARGUMENT

Dissatisfied with his lender's actions and the administrative law judge's dismissal of his untimely appeal as to his Acuity Consulting Services' loan, Plaintiff now turns to this Court seeking forgiveness of both PPP loans Plaintiff received. Based on the allegations in Plaintiff's complaint, Plaintiff fails to state a claim upon which relief can be granted as Plaintiff has failed to exhaust his administrative remedies for both of his PPP loans.

### I. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS TO PLAINTIFF'S ACUITY CONSULTING SERVICES LOAN.

Plaintiff's complaint admits that the third Final Loan Review Decision Letter for Acuity Consulting Services issued on January 21, 2025 by SBA was not timely appealed by Plaintiff.

(Compl. at ¶ 99.) In other words, it is readily apparent on the face of the complaint that Plaintiff has failed to exhaust his administrative remedies as to the Acuity Consulting Services loan and is precluded from seeking judicial review.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Id*. at 88-89 (quoting *McKart*, 395 U.S. at 193). As the Supreme Court of the United States has recognized, the requirement that would-be litigants exhaust their administrative remedies before seeking judicial review serves several critical interests:

> First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures.
>
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

*Id*. at 89 (internal quotation marks and citation omitted). Protecting agency authority is particularly important where the decisions at issue implicate agency discretionary power or expertise, and insisting on exhaustion is paramount where "'frequent and deliberate flouting of administrative processes' could weaken an agency's effectiveness by encouraging disregard of its procedures." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (quoting *McKart*, 395 U.S. at 195).

The doctrine of exhaustion of administrative remedies rests upon the principle that simple fairness to those engaged in the tasks of administration, and those with business before such

administrators, requires "a general rule [that] courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." *Woodford*, 548 U.S. at 90. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

"Where a regulation requires exhaustion, a party's failure to exhaust administrative remedies precludes judicial review of its claim." *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1255 (Fed. Cir. 2015) (citing *Sims v. Apfel*, 530 U.S. 103, 108 (2000); *Sandvick Steel Co. v. United States*, 164 F.3d 596, 599-600 (Fed. Cir. 1998)).[3] Thus, courts regularly dismiss challenges to SBA decisions where plaintiffs fail to exhaust their administrative remedies before seeking judicial review. *See, e.g.*, *Palladian Partners, Inc.*, 783 F.3d at 1258 (dismissing challenge to SBA North American Industry Classification System ("NAICS") code determination because "SBA's regulations require an interested party" to appeal that decision to SBA's Office of Hearings and Appeals "or be precluded from filing suit" and plaintiff's "failure to participate in" such an "appeal was a failure to exhaust its administrative remedies"); *Canada v. U.S. Small Bus. Admin.*, No. 21-cv-91, 2021 WL 8442058, at *5 (W.D. Tex. Oct. 13, 2021) (granting motion to dismiss claim involving SBA debt collection for, *inter alia*, failure to exhaust administrative remedies where SBA regulations required debtor "to request a hearing before [] SBA's Office of Hearings and Appeals" before seeking judicial relief but debtor failed to do so), *R&R adopted*,

---

[3] Relatedly, "it is common for an agency's regulations to require issue exhaustion in administrative appeals." *Sims*, 530 U.S. at 108 (citation omitted). "And when regulations do so, courts reviewing agency action regularly ensure against the bypassing of that requirement by refusing to consider unexhausted issues." *Id*. (citing *South Carolina v. U.S. Dep't of Labor*, 795 F.2d 375, 378 (4th Cir. 1986); *Sears, Roebuck, & Co. v. F.T.C.*, 676 F.2d 385, 398 & n.26 (9th Cir. 1982)).

No. 21-cv-91, 2021 WL 8442057 (W.D. Tex. Dec. 28, 2021); *Oldham v. U.S. Small Bus. Admin.*, No. 18-cv-73, 2019 WL 11503083, at *2-3 (N.D. Tex. Apr. 10, 2019) (granting motion to dismiss claim that SBA was wrongfully collecting a loan guarantee for failure to exhaust where plaintiff failed to timely request a hearing with SBA's Office of Hearings and Appeals).

SBA regulations expressly provide that a borrower challenging an SBA PPP loan forgiveness determination must file "[a]n appeal petition . . . with OHA within 30 calendar days after [] receipt of the final SBA loan review decision." 13 C.F.R. § 134.1202(a). If an appeal petition is filed after the 30-day period has expired, "the [presiding Administrative Law] Judge *must* dismiss the appeal." 13 C.F.R. § 134.1205(a)(2) (emphasis added); *see also* 13 C.F.R. § 134.1202(c)(3)(i) ("A[n] [Administrative Law] Judge may modify any time period or deadline, except . . . [t]he time period governing commencement of a case (i.e., when the appeal petition may be filed)[,] and . . . [a] time period established by statute.").

A timely appeal to SBA's OHA is an administrative remedy that "must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court." 13 C.F.R. § 134.1201(d). Plaintiff admits in his complaint that he failed to timely appeal Acuity Consulting Services' Final SBA Loan Review Decision. As a result, judicial review of that decision would be inappropriate. *See Mold Cable Inc. v. U.S. Small Bus. Admin.*, No. CV 24-352, 2025 WL 1393632, at *6 (D.N.J. May 14, 2025) (complaint challenging PPP loan decision dismissed for failing to file timely appeal of a Final SBA Loan Review Decision to OHA prior to filing civil suit); *see also*, *DACO Invs., LLC v. U.S. Small Bus. Admin.*, No. 22-cv-1444, 2024 WL 750594, at *5 (W.D. La. Feb. 22, 2024) (dismissing claim concerning SBA's denial of PPP loan forgiveness upon finding that plaintiff was not entitled to judicial review because plaintiff filed
9

suit before SBA's OHA issued its final decision on the plaintiff's appeal citing 13 C.F.R. § 134.1201(d)).

## II. PLAINTIFF HAS FAILED TO IDENTIFY ANY ACTION BY SBA RELATED TO HIS STORYMARK ENTERTAINMENT LOAN.

Turning to Plaintiff's second loan for Storymark Entertainment, Plaintiff's claims must fail because Plaintiff is unable to point to any agency action on behalf of SBA. Plaintiff's Storymark Entertainment loan was canceled by SmartBank. Plaintiff's complaint acknowledges this fact: No Final Loan Review Decision "had ever been issued by the SBA." (Compl., at ¶ 144.)

A borrower cannot appeal a loan decision made by a lender directly; rather, the borrower must first receive a Final SBA Loan Review Decision in which one of the determinations in 13 C.F.R. § 134.1201(b)(1)-(4) is made. *See* 13 C.F.R. § 134.1203. "An appeal petition must be filed with [SBA's OHA] within 30 calendar days after the appellant's receipt of the final SBA loan review decision." 13 C.F.R. § 134.1202(a). "An appeal to [SBA's OHA] is an administrative remedy that *must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court*." 13 C.F.R. § 134.1201(d) (emphasis added). In regard to Plaintiff's StoryMark Entertainment loan, there is no Final SBA Loan Review Decision (as admitted by Plaintiff). Thus, Plaintiff lacks standing to challenge SBA over the forgiveness (or lack thereof) of his StoryMark Entertainment loan (which was never subject to any final agency action by SBA).

The Administrative Procedures Act ("APA") limits judicial review to "final agency action for which there is no other adequate remedy in a court." *Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006) (citing 5 U.S.C. § 704). Thus, "[w]hether there has been 'agency action' or 'final agency action' within the meaning of the APA are threshold questions; if these requirements are not met, the action is not reviewable." *Fund for Animals, Inc. v. U.S.*

*Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006). In the case of the Storymark Entertainment loan, the only actions alleged by Plaintiff in his Complaint are those taken by Plaintiff's lender, SmartBank. As such, any claim Plaintiff has in regard to the StoryMark Entertainment loan must be brought against SmartBank. Plaintiff appears to have done this based on his separate lawsuit against SmartBank (Civil Action No. 3:25-CV-376).

### III. PLAINTIFF'S CLAIMS UNDER THE DECALARATORY JUDGMENT ACT FAIL AS A MATTER OF LAW.

As a final issue, while Plaintiff's Complaint sounds almost exclusively in terms of an APA challenge, Plaintiff does request a judgment that the loans be declared "forgiven" (Compl., Doc 1, at ¶ 166). However, such relief is unavailable here under bedrock principles of administrative law and is barred by sovereign immunity. Where, as here, governing statutes place the matter for decision "primarily in agency hands[,]" a court reviewing the agency's decision "is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry*." I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (internal quotation marks and citation omitted). "Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id*.

In addition to not being able to obtain the relief he seeks, the Defendants do not believe Plaintiff can maintain his Declaratory Judgment Act claim as a matter of law. The Declaratory Judgment Act provides no separate cause of action to enforce federal statutes. It provides for an alternative mode of relief when a particular law creates a cause of action. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Accordingly, Plaintiff may only seek declaratory judgment under the CARES Act if there is a private cause of action under that statute. As recognized by several courts to consider this issue, the CARES Act does not contain an express cause of action to enforce the PPP. *See, e.g., Johnson v. JPMorgan Chase Bank, N.A.*, 488 F.

Supp. 3d 144, 157 (S.D.N.Y. 2020); *Carr v. Kabbage, Inc.*, No. 1:22-CV-01249-VMC, 2023 WL 3150084, at *4 (N.D. Ga. Mar. 31, 2023) ("In light of the foregoing authority, the Court agrees that the CARES Act does not create a private right of action. As a result, the Representative Plaintiffs' claim under the Declaratory Judgment Act (Count 1) must be dismissed."); *Juan Antonio Sanchez, PC v. Bank of S. Texas*, 494 F. Supp. 3d 421, 434 (S.D. Tex. 2020) (this holding is also consistent with the consensus of the Courts of Appeals that the Small Business Act does not create a private right of action in individuals).

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

*/s/ Ben D. Cunningham*
Ben D. Cunningham, TN BPR # 030122
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
Ben.Cunningham@usdoj.gov
(865) 545-4167

## CERTIFICATE OF SERVICE

      I hereby certify that on December 23, 2025, a true and correct copy of the foregoing was sent via email and/or mailed via U.S. mail first class, postage prepaid to the following:

Erik Cooper
Post Office Box 1413
Gatlinburg, Tennessee 37738
Telephone: (865) 438-0892
CooperErik@aol.com

                                      *Ben D. Cunningham*
                                      Ben D. Cunningham
                                      Assistant United States Attorney

13
Case 3:25-cv-00327-KAC-JEM   Document 16   Filed 12/23/25   Page 13 of 13
PageID #: 186