IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

ERIK COOPER, individually, and, doing business as ACUITY CONSULTING SERVICES, and, doing business as STORYMARK ENTERTAINMENT,

    Petitioner / Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, and, KELLY LOEFFLER, in her official capacity as Administrator of United States Small Business Administration,

    Respondents / Defendants.

No.: 3:25-CV-00327

Honorable Katherine A. Crytzer /
Honorable Jill E. McCook

## PLAINTIFF'S REPLY TO DEFENDANTS'/RESPONDENTS' UNITED STATES SMALL BUSINESS ADMINISTRATION'S AND KELLY LOEFFLER'S RE[SPONSE] TO PLAINTIFF'S RULE 26(f) REPORT

COMES NOW the Plaintiff, Erik Cooper, currently appearing in the above-styled civil action *in propria persona*, who submits for filing in this action Plaintiff's Reply to Defendants'/Respondents' United States Small Business Administration and Kelly Loeffler's Re[sponse][1] to Plaintiff's Rule 26(f) Report ("Reply"). Plaintiff received his service copy of the Court's Order [Doc. 13] by U.S. Mail on December 30, 2025, causing this late-filed Reply.[2] In support of this Reply, Plaintiff states as follows:

---

[1] The Court ordered Defendants "to file any response to 'Plaintiff's Report' [Doc. 12]." [Doc. 13]. Defendants filed a pleading titled "The United States Small Business Administration and Kelly Loeffler's Reply to Plaintiff's Rule 26(f) Report." [Doc. 14]. The "Reply" is understood as a "Response".

On December 5, 2025, the Court ordered "the Parties to confer and jointly submit the required Rule 26(f) report by December 19, 2025." [Doc. 10]. Defendants The United States Small Business Administration and Kelly Loeffler (collectively, "Defendants") filed Defendants' Report Regarding Fed. R. Civ. P. 26(f) Conference arguing, in relevant part, "the case is one which is exempted from initial disclosure under Fed. R. Civ. P. 26(f)(1) and Fed. R. Civ. P. 26(a)(1)(B)(i)... [t]hus, [Defendants] believe[ ] that the issues required to be discussed by Fed. R. Civ. P. 26(f) are not relevant to this action." [Doc. 11, PageID # 147]. Plaintiff respectfully disagreed and filed Plaintiff's Report Regarding Fed. R. Civ. P. 26(f) Conference ("Report"), citing his communication of disagreement to Defendants' counsel that the instant action "is both an [Administrative Procedures Act] and declaratory judgment action," and "declaratory actions do require a Rule 26(f) report." [Doc. 12, PageID # 150]. The Court entered an Order on December 18, 2025 ordering, in relevant part, "Defendants to file any response to 'Plaintiff's Report" [Doc. 12] by January 5, 2026. The response should address whether the presence of a request for declaratory relief brings this case outside of Rule 26(a)(1)(B)." [Doc. 13].

Defendants filed a Response to Plaintiff's Rule 26(f) Report on December 22, 2025 and agreed "Plaintiff's Complaint is brought primarily under the Administrative Procedures Act ('APA')...request[ing] thirteen counts of relief. Twelve of them under the APA. " [Doc. 14, PageID # 168]. Defendants acknowledged in their Response that the Complaint includes claims for declaratory relief, among them, "that the loans be declared 'forgiven' (Compl., Doc. 1, at ¶ 166)" [Doc. 14, PageID # 169], and Plaintiff cited as much in his Report [Doc. 12 at ¶ 6]. In their Response, Defendant cited *I.N.S. v.*

2

*Orlando Ventura*, 537 U.S. 12, 16 (2012) and argued, in relevant part, "a court reviewing the agency's decision 'is not *generally* [emphasis added] empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.'" In reply, "generally" implies circumstantial grounds limiting a court's *de novo* inquiry into the matter being reviewed to reach its own conclusions based upon the inquiry. However, notwithstanding such exceptions, the United States Supreme Court has held Article III of the United States Constitution permits a court to conduct a *de novo* inquiry of certain issues, particularly of constitutional or jurisdictional facts, even when those facts were initially determined by an administrative agency. [*Crowell v. Benson*, 258 U.S. 22 (1932) (holding "the essential independence of the exercise of the judicial power of the United States requires that the federal court should determine such facts upon its own independent judgment.")]. The Court's opinion opposes the opinion in *Ventura* that courts are "not generally empowered" to conduct a *de novo* inquiry because *Crowell* recognizes a judicial obligation to do exactly that in specific contexts such as those set forth in the Complaint. Additionally, in *Kappos v. Hyatt*, 566 U.S. 431 (2012), the Court held "the district court must make *de novo* factual findings when new evidence is presented." The Court emphasized no deference is owed to the agency – in that case, the United States Patent and Trademark Office – on those issues, directly contradicting the *Ventura* principle in that statutory context.

In their Response, Defendants argued "Defendants do not believe Plaintiff can maintain his Declaratory Judgment Action ["DJA"] claim as a matter of law" [Doc. 14, PageID # 169], citing in a footnote arguments to-be-asserted their now-filed motion to

dismiss [Doc. 15]. In reply, the instant pleading does not offer a forum for Plaintiff's response to Defendants' arguments seeking dismissal of the action. Plaintiff will respond to those arguments accordingly, however, Plaintiff notes the parties did not conduct a Rule 12(b) conference as required before Defendants filed their dispositive Rule 12(b) motion on December 23, 2025. [Doc. 15]. Had the parties conducted the requisite Rule 12(b) conference, Plaintiff would have conferred with Defendants' counsel on proposed amendments of the Complaint to encapsulate both Defendants' concerns for limitations of claims under the DJA, and, arguments opposing Defendants' suggestion of the Court's inability to conduct a *de novo* inquiry as Defendants suggest when relying on *Ventura*. Plaintiff will continue to request a Rule 12(b) conference with Defendants' counsel and will request withdrawal of Defendants' dispositive Rule 12(b) motion until such conference has been held.

Finally, in their Response, Defendants argued "that Plaintiff is not entitled to any additional discovery outside of the administrative record (footnote omitted)." In reply, Plaintiff respectfully disagrees. Narrow exceptions afford extra-record discovery in exceptional circumstances, such as bad faith or improper behavior by the agency. In this action, Plaintiff alleged a controversy between the Defendants and their agent, SmartBank: "**SmartBank shows [Storymark's PPP Loan] as cancelled.**" [Doc. 1, PageID # 14 at ¶ 24b]. *Cancellation* of the PPP Loan by SmartBank allegedly caused the Defendants to issue no final loan review decision notice and, based thereupon, Defendants have argued in their motion to dismiss that Plaintiff has no cause of action to pursue for his Storymark PPP Loan. Plaintiff received no notice from either the

Defendants or SmartBank of such "cancellation" of the loan, and SmartBank denied such "cancellation," causing a controversy between the parties evidencing bad faith of the agency (SBA) and warranting extra-record discovery in this action. A true and exact copy of the SBA's notice of "cancellation" of the Storymark PPP Loan is attached herewith and labeled **Exhibit A**. A true and exact copy of SmartBank's notice of no "cancellation" of the Storymark PPP Loan is attached herewith and labeled **Exhibit B**. These documents (Exhibits A and B) document the controversy between the parties and bad faith Plaintiff alleges against the Defendants. Other grounds for extra-record discovery are also warranted in this action, including an incomplete administrative record, complex subject matter, Defendants' reliance upon factors not contained in the administrative record, and procedural challenges (including Plaintiff's claims that Defendants violated required procedures). Each of the foregoing exceptions afford the parties opportunity to conduct extra-record discovery. Plaintiff requests such discovery.

## CONCLUSION

Because the Complaint includes Plaintiff's Declaratory Judgment Act claim and because sufficient grounds exist for the Court to grant extra-record discovery in this action, Plaintiff remains ready, willing, and able to conduct a Rule 26(f) conference with Defendants' counsel and requests the Court extend time for the parties to conduct their conference. Additionally, because no Rule 12(b) conference occurred before Defendants filed their Rule 12(b) motion, Plaintiff requests additional time to conduct a Rule 12(b) conference with Defendants' and additional time to respond to Defendants' dispositive Rule 12(b) motion to dismiss if not already withdrawn for violating the Order [Doc. 5].

Respectfully submitted on this, the fifth day of January, 2026.[2]

Respectfully submitted by:

_____
ERIK COOPER
Post Office Box 1413
Gatlinburg, Tennessee  37738
Tel: (865) 438-0892
CooperErik@aol.com

*Plaintiff in Propria Persona*

*(Certificate of Service attached as final page.)*

---

2    Plaintiff does not currently have access to the Electronic Court Filing (ECF) system and files all pleadings in-person at the Clerk of Court's window in Knoxville, Tennessee. The Standing Order entered October 24, 2025 [No. SO-25-11] indicates all offices were closed on December 31, 2025, January 1, 2026, and January 2, 2026, and offered telephone number (865) 329-4682 for assistance filing a document non-electronically. Regrettably, no one answered the telephone number indicated following three attempts on December 30, 2025 and again on December 31, 2025, causing the instant pleading to be filed on January 5, 2026.

6