# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ERIK COOPER, individually, and doing business as ACUITY CONSULTING SERVICES, and doing business as STORYMARK ENTERTAINMENT, | )<br>)<br>)<br>)<br>) |
| PLAINTIFF, | )    Civil Case No. 3:25-CV-327-KAC-JEM |
| v. | ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION and KELLY LOEFFLER, in her official capacity as Administrator of the United States Small Business Administration, | )<br>)<br>)<br>)<br>) |
| DEFENDANTS. | ) |

**RESPONSE OF THE UNITED STATES SMALL BUSINESS ADMINISTRATION AND KELLY LOEFFLER TO PLAINTIFF'S MOTION FOR ORDER COMPELLING FILING OF THE UNREDACTED ADMINISTRATIVE RECORD**

COME NOW Defendants, the United States of America Small Business Administration and Kelly Loeffler, in her official capacity as Administrator of the Small Business Administration ("SBA"), by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and hereby submit the following Response to Plaintiff's Motion for Order Compelling Defendants Filing of the Unredacted Administrative Record (Doc. 33).

## ARGUMENT

Plaintiff has filed a Motion for Order Compelling Defendants Filing of the Unredacted Administrative Record (Doc. 33). Many of Plaintiff's arguments therein are duplicative of

arguments previously made by Plaintiff (Doc. 21; Doc. 23) and responded to by Defendants previously (Doc. 27).[1]  Defendants address Plaintiff's new arguments about the completeness of the administrative record he filed with the Court as follows:

Plaintiff has alleged that his brief review of the 1,628-page administrative record allowed him to identify documents he believes were omitted from the administrative record.  As shown in Exhibit B to Plaintiff's Motion, when this issue was raised to Defendants, Defendants requested Plaintiff identify which specific documents he believed were missing.  This would allow Defendants to see if those documents were in fact missing and help determine why they may have been omitted.  Plaintiff did not provide this information as requested.  Rather, Plaintiff has cited to the Court a broad range of document types that are "typically included in a PPP loan administrative record."  (Doc. 33, Pg. ID # 331.)

The categories cited by Plaintiff are not helpful in resolving this issue.  For instance, taking the first suggested category, PPP Borrower Application Form, a quick search of the administrative record reveals Plaintiff's application is in their multiple times (i.e., pages 535 and 1160 of the administrative record PDF).  Defendants are willing to work with Plaintiff to resolve this issue, but respectfully suggest the Court order Plaintiff to provide Defendants the information Defendants already requested: specific identifying information such as the file name as titled in the OHA portal or date of upload or, if available because it was previously provided as Plaintiff claims, the actual document in question.

---

1. Some of the arguments raised by Plaintiff have been arguably mooted by Plaintiff's subsequent actions.  For instance, Plaintiff's Motion requesting Defendant's file the Administrative Record (Doc. 21) is now moot as Plaintiff has filed the Administrative Record himself.

To the extent Plaintiff argues the administrative record is incomplete because it does not contain records related to his Storymark Entertainment loan, Defendants have been consistent in stating that they did not receive a forgiveness application, either from Plaintiff's lender (SmartBank) or directly from the borrower, for SBA to consider loan forgiveness for Plaintiff's Storymark loan. Even if SBA desired to consider forgiveness of the Storymark loan now it could not do so because, as stated in previous filings and as pled in Plaintiff's Complaint, "SmartBank cancelled Stormark's PPP loan and reported its cancellation to the SBA." (Doc. 1, ¶ 145.) Based upon information and belief, SmartBank informed the SBA that the loan was cancelled for purposes of seeking forgiveness and SBA's 100% guarantee. That cancellation decision was communicated to SBA who then could not and did not take any action on the Storymark loan. No lender forgiveness decision, forgiveness application, and supporting documentation was ever submitted by SmartBank for SBA to review and decide on loan forgiveness for the Storymark loan.[2] SBA has no record of Plaintiff applying for direct forgiveness of his Storymark loan. Thus, Defendants do not have an administrative record that corresponds to Plaintiff's Storymark loan.

## CONCLUSION

In conclusion, Plaintiff's Motion should be denied. Defendants have already provided Plaintiff with the administrative record which includes a certification that is the true and accurate administrative record. To the extent Plaintiff is willing to share with Defendants what

---

2. In order to avoid any confusion, when Defendants use the terminology "cancel," it is in reference to how the loan appears to SBA in its records. Conversely, it appears that SmartBank, having loaned the money to Plaintiff, did not cancel the loan in its system. Rather, it has and is still currently seeking repayment from Plaintiff for the money loaned to Plaintiff.

3

documents he claims are missing, Defendants will endeavor to find those documents, determine how they were omitted, and correct the issue.

>
> Respectfully submitted,
>
> FRANCIS M. HAMILTON III
> United States Attorney
>
> */s/ Ben D. Cunningham*
> Ben D. Cunningham, TN BPR # 030122
> Assistant United States Attorney
> 800 Market Street, Suite 211
> Knoxville, TN 37902
> Ben.Cunningham@usdoj.gov
> (865) 545-4167

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2026, a true and correct copy of the foregoing was sent via email and/or mailed via U.S. mail first class, postage prepaid to the following:

Erik Cooper
Post Office Box 1413
Gatlinburg, Tennessee 37738
Telephone: (865) 438-0892
CooperErik@aol.com

                                                *Ben D. Cunningham*
                                                Ben D. Cunningham
                                                Assistant United States Attorney